Matter of Javier T. (Edison G.) (2004 NY Slip Op 50529(U))

[*1]

Matter of Javier T. (Edison G.)

2004 NY Slip Op 50529(U)

Decided on June 9, 2004

Family Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 9, 2004

Family Court, Kings County
In the Matter of Javier T. 
 A Child Under Eighteen Years of Age Alleged to be Severely Abused by
Edison G., Tania C. (AKA Patricia A.) (AKA Patricia G.) Respondents.
NA 24711/03

Alan Fried, Esq.
Administration for Children's Services
Division of Legal Services
345 Adams Street, 8th Floor
Brooklyn, New York 11201
Attorney for petitioner
Phillip Devereaux, Esq.
350 Broadway, Suite 200
New York, New York 10013
Attorney for respondent mother
Tania C.
Larry Margolis, Esq.
305 Broadway, Suite 603
New York, New York 10007
Attorney for respondent
Edison G.
Marty Feinman, Esq.
The Legal Aid Society, JRD
111 Livingston Street
Brooklyn, New York 11201
Law Guardian

Bryanne A. Hamill, J.
ACS moves for an order, pursuant to Civil Practice Law and Rules §3212, granting summary judgment and finding, by clear and convincing evidence, that the subject child Javier T. has been severely abused by the respondents Edison G. (hereinafter referred to as "G.") and Tania C., also known as Patricia A.., also known as Patricia G. (hereinafter referred to as "C.") as so defined under the Family Court Act §1012 and Social Services Law §384-b (8)(a)(iii) (A). No opposition papers were filed.
The instant proceeding against the respondents was commenced on August 27, 2003 with the filing of a petition pursuant to Article 10 of the Family Court Act alleging that the respondents severely abused the surviving child Javier T..
On March 16, 2004 before the Honorable Anne Feldman of the Criminal Term of Supreme Court of the State of New York, County of Kings, respondents C. and G., represented by counsel, entered pleas of guilty to manslaughter in the first degree, in violation of Penal Law §125.20 (4), for the death of Javier's sibling, Edith G.. The respondents were sentenced on April 8, 2004, to 10 and 12 years respectively.
Social Services Law §384-b(8)(a)(iii)(A) reads, in pertinent part, that a child is "severely abused" by his parent if "the parent of such child has been convicted of ...manslaughter in the first degree as defined in section 125.20 [of the penal law]... and the victim of any such crime was another child of the parent... and the victim or intended victim was the child or another child of the parent or another child for whose care such parent is or has been legally responsible."
By reason of the criminal convictions and criminal allocutions of the respondents in Supreme Court to charges arising from facts intimately related to the facts underlying the instant severe abuse petition, there are no triable issues of fact to be determined by the Family Court on the ultimate issue of whether the subject child Javier T. is a severely abused child.
Thus, pursuant to Social Service Law § 384-b(8)(a)(iii)(A), the surviving child, Javier T., sibling of Edith G., as a matter of law, is a severely abused child.
Accordingly, ACS's motion for summary judgment is hereby granted in its entirety, and this Court issues a fact-finding order of abuse, pursuant to FCA§ 1012 (e); severe abuse, pursuant to SSL§384-b(8)(a)(iii) (A); and finds aggravated circumstances, pursuant to FCA § 1012(j).
Dated: Brooklyn, New York
June 9, 2004
_______________________________
Hon. BRYANNE A. HAMILL
[*2]
Judge of the Family Court